DEDEAUX *v.* JONES *et al.*

(Division A. Feb. 22, 1943.)

[11 So. (2d) 905. No. 35340.]

J. F. Galloway, of Gulfport, for petitioner.

Geo. R. Smith, of Gulfport, for respondent.

**Smith, C. J.,** delivered the opinion of the court.

The petitioner prays for a writ of certiorari to bring from the chancery court of Harrison County to this court for review by it, the record in a case to be hereinafter set forth.

The petitioner, as complainant, filed a bill of complaint in the county court of Harrison County on a cause of action cognizable in equity. On demurrer thereto, the ground of which is that the cause was within the exclusive jurisdiction of the chancery court, the case was ordered to be, and was, transferred to the chancery court of Harrison County, which court declined to try it but remanded it to the county court, holding that that court was without power to transfer the case to the chancery court and that when it held that it was without jurisdiction thereof, it should have dismissed the case, from which decree an appeal could have been taken to the chancery court. On the return of the case to the county court, the demurrer challenging its jurisdiction was sustained, and the bill of complaint was dismissed. The complainant, petitioner here, then notified the clerk of the county court that he desired to appeal from this decree to the chancery court of Harrison County, filing with him an appeal bond therefor. It does not here appear whether the record in the case has been filed in the chancery court pursuant to this appeal but whether it has been or not, the writ of certiorari here prayed for cannot be issued. A judgment or decree of a county court can be reviewed by the Supreme Court only when an appeal therefrom has been taken to the circuit or chancery court, as the case may be, and after a judgment or decree therein has been rendered by the court to which the appeal was taken.

Overruled.